# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 2:01-CR-185-TS |
| | ) | |
| SIMEON BRADLEY | ) | |

## OPINION and ORDER

Before the Court is the *pro se* Defendant's Motion to Modify Sentence under 18 U.S.C. § 3582(c)(2) [DE 563], filed November 3, 2008. The Defendant seeks "a two level reduction in sentence as to Count 12" under the amended crack cocaine sentencing guidelines. The Defendant also asks that the Court appoint counsel to represent him in this matter.

On April 28, 2008, the Court sentenced the Defendant to 28 months imprisonment for Count 2, 28 months imprisonment for Count 4, and 28 months imprisonment for Count 12, with all terms of imprisonment to be served consecutively for a total of 84 months. The Defendant's original sentencing guideline was 136 to 168 months, but the maximum statutory penalty for Counts 2 and 4 was 60 months and for Count 12 was 48 months. The imposed sentence of imprisonment was a result of a downward departure (or variance) agreed upon by both parties.

The amended policy statement regarding reducing an imprisonment term as a result of an amended guideline range states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10(a)(2)(B).

In this case, the Defendant's guidelines range incorporated the amended crack cocaine guidelines. The original Presentence Investigation Report (PSR) determined that the base offense

level was 38 based on the drug amount of 1.5 kilograms of crack cocaine involved in the case. The amended PSR reflected the two-level decrease set by the Commission and determined that the Defendant's base offense level was 36. After various enhancements and reductions, the total offense level was 33. Combined with a criminal history category of I, his advisory guideline range was 136 to 168 months. Because his advisory guideline range incorporated the two-level decrease set by the Commission in its amended, retroactive crack cocaine guidelines, the Defendant is not eligible for any additional decrease.

Also, even if the Defendant's total offense level was reduced by an additional 2 points down to 31, the resulting guidelines range of 108 to 135 months is still greater than his term of imprisonment of 84 months. Thus, the hypothetical reduction based on the amended crack cocaine guidelines does the Defendant no good given the much lower sentence the Defendant received due to an agreed-upon downward departure.

Therefore, the Defendant has not provided any basis to reduce his sentence. The Court notes that the Probation Office, the Government, and a court-appointed attorney for the Defendant all concur. (*See* Addendum to the PSR Pursuant to the 2008 Sentencing Guidelines; Govt.'s Resp., DE 569; Notice to the Court, DE 571.)

The Defendant's request for court-appointed counsel is moot. The Court already ordered the Federal Community Defenders to represent the Defendant. (Nov. 5, 2008, Order, DE 566.) On November 25, the appointed attorney filed his conclusion with the Court, stating that it would be inappropriate to file a motion to reduce the Defendant's sentence because the Defendant is not eligible for a reduced sentence. (Notice to the Court, DE 571.)

For the foregoing reasons, the Defendant's Motion [DE 563] is DENIED.

So ORDERED on December 18, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION